## Esterás *v.* Ríos et al.

Apelación procedente de la Corte de Distrito de Humacao.

No. 157.—Resuelto en diciembre 23, 1907.

Apelación—Decisión Contraria á las Pruebas.—Una excepción contra la decisión, fundada en que está en desacuerdo con la prueba, no puede considerarse *en la apelación* contra la sentencia, si el recurso no se hubiera interpuesto dentro de los quince días después de dictada dicha sentencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

La parte apelada no compareció.

El Juez Asociado Sr. Hernández, emitió la opinion del tribunal.

Con fecha 18 de enero de 1906, José Y. Esterás produjo demanda ante la Corte de Distrito del Distrito Judicial de Humacao, contra Josefa Ríos Colón, su esposo Joaquín Rodríguez Serra, Emilio Fernández Morales y su esposa María Pérez Ríos, en cuya demanda hizo los siguientes pedimentos.

1°. Que se declara nula la escritura de dación en pago, otorgada en 2 de noviembre de 1898 por el demandante á favor de Emilio Fernández Morales, como apoderado de Josefa Ríos Colón, ante el Notario de Caguas, Lorenzo A. Jiménez García.

2°. Que se declare asimismo nula la escritura de retracto otorgada dos días después, ó sea en 4 de noviembre de 1898, por Emilio Fernández Morales, como apoderado de Josefa Ríos Colón á favor del demandante ante el mismo Notario Lorenzo A. Jiménez García.

3°. Que igualmente se declare nulo el contrato privado de arrendamiento celebrado en Caguas con fecha 7 de noviembre de 1898, entre Emilio Fernández, como apoderado de Josefa Ríos Colón y Joaquín Rodríguez, por una parte, y José Y. Esterás, por otra.

4º. Que, por consecuencia de las nulidades de las expresadas escrituras, se declaren nulas también las inscripciones que de las mismas se hicieron en el Registro de la Propiedad de Caguas.

5º. Que, en mérito de la procedencia de las anteriores peticiones, sea restituído el demandante en la posesión de la finca dada en pago á Emilio Fernández Morales, como apoderado de Josefa Ríos Colón, por la escritura de 2 de noviembre de 1898, abanándosele por los demandados todos los frutos producidos y debidos producir, estimados en cuatro mil dollars, y los daños y perjuicios, que se aprecian en otros cuatro mil dollars, de cuyas cantidades han de contarse dos mil pesos provinciales, valor de la hipoteca constituída por Esterás á favor de Josefa Ríos, con sus intereses hasta el día de la devolución de la finca dada á la Ríos en pago de dicha hipoteca.

Los hechos fundamentales de la demanda son los siguientes:

1º. Que, por escritura pública otorgada en veinte y uno de julio de mil ochocientos noventa y seis, ante el notario de Caguas, Francisco Jiménez Prieto, José Y. Esterás para garantir un préstamo de dos mil pesos provinciales, constituyó hipoteca á favor de Josefa Ríos Colón sobre una finca de su propiedad, compuesta de 94 cuerdas, ó sean 38 hectáreas y 25 áreas, radicada en el barrio de Cañabón, de la jurisdicción de Caguas, colindante al norte, con el camino de Aguas Buenas y la sucesión de E. Jiménez; por el sur, con Manuel A. García y la sucesión de José Fernández; por el este, con la misma sucesión Jiménez y Carmen Argueso; y por el oeste, con la sucesión de Manuel Jiménez Córdova y el camino que conduce al barrio de Cañaboncito, habiéndose dado á dicha finca para los efectos de la hipoteca, el valor de dos mil quinientos pesos provinciales, y estableciéndose el uno por ciento ménsual como tipo de interés de la deuda que había de vencer en veinte y uno de julio de 1898.

2º. Que no habiendo sido posible á Esterás satisfacer á su vencimiento, la deuda contraída, después de iniciado procedimiento ejecutivo para el cobro de la misma, convino con Emilio Fernández, como apoderado de Josefa Ríos Colón, en que ésta le concediera una prórroga para el pago del crédito, cuya prórroga se verificó cediendo Esterás á Josefa Ríos, en pago de su crédito, la finca hipotecada, reservando á Esterás el derecho de retracto, mediante el pago de la suma fijada en la hipoteca, con sus intereses, y simulando un contrato de arrendamiento por cantidad precisamente igual á la de los intereses de la hipoteca, mediante cuyo contrato quedaba Esterás poseyendo, como arrendatario, la finca que había dado en pago, á cuyos fines se otorgaron una escritura de dación en pago, con fecha 2 de noviembre de 1898; otra de reserva de derecho de retracto, á favor de Esterás, sobre la misma finca dada en pago, con fecha 4 del mismo noviembre, cuyo retracto había de tener lugar mediante la entrega de los mil pesos provinciales de la hipoteca y sus intereses, siendo su duración hasta el treinta y uno de enero de mil novecientos, y por último, un contrato privado de arrendamiento de la misma finca por Esterás, á vencer en igual fecha de treinta y uno de enero de mil novecientos, y por precio de cantidad igual al importe de los intereses de la deuda.

3º. Que vencido el término del derecho de retracto sin que Esterás hubiera pagado la suma convenida, le fué negada la espera que solicitó, dándose por convalidada la escritura de dación en pago, y tres meses después, fué desahuciado de la finca por falta de pago de los arrendamientos estipulados.

4º. Que los contratos maliciosos de que se deja hecho mérito, contrarios á la moral y fundados por parte de Esterás en el temor de perder sus bienes y en promesas insidiosas y sugestivas por parte de los demandados, fueron consignados en unos documentos impropiamente llamados escrituras públicas, porque la persona que los autorizó con su firma y ante quien fueron otorgados es Lorenzo A. Jiménez García, quien

carecía de las condiciones legales para ejercer las funciones notariales.

5°. Que aunque á la finca descrita se le asignó un valor de dos mil quinientos pesos provinciales, en la escritura hipotecaria de veinte y uno de julio de 1896, posteriormente llegó á adquirir en poder de Esterás un valor de seis mil dollars, que era el que tenía cuando se la apropiaron los demandados, y en la fecha de la demanda había alcanzado un valor de nueve á diez mil dollars.

6°. Que la cantidad que ha dejado de percibir Esterás en concepto de utilidades, descontando los intereses del crédito de Josefa Ríos y el pago de las contribuciones correspondientes á la finca desde la fecha en que se la apropiaron los demandados, ó sea, desde octubre de 1900 hasta el día de la demanda, se calcula por el demandante en cuatro mil dollars y en igual cantidad los daños y perjuicios.

Los demandados Emilio Fernández y María Pérez, al contestar la demanda, negaron todos y cada uno de los hechos de aquélla, y como defensa alegaron, que entre las mismas partes y por igual causa de acción sobre nulidad de los mismos contratos y en reivindicación de la misma finca, se siguió un pleito ante la Corte de Distrito de Humacao, en el que recayó sentencia con fecha veinte y uno de febrero de mil novecientos dos, desestimando la demanda de Esterás, cuya sentencia tiene carácter de firme, por haber desestimado este Tribunal Supremo el recurso de casación ó apelación contra ella interpuesto por Esterás.

En el escrito de exposición del caso se afirma haberse tomado anotación de la rebeldía de los otros demandados Josefa Ríos Colón y su esposo José Rodríguez Serra, no obstante lo cual, figura en el legajo de la sentencia una copia de diligencia de anotación de rebeldía, expresiva de que en 24 de agosto de 1906, el secretario de la corte, Enrique Rincón, en cumplimiento de una orden de la misma, obrante en el libro de minutas, procedió, de acuerdo con la ley á anotar la rebeldía de

Emilio Fernández Morales y su esposa María Pérez Ríos. Parece que debió sufrirse en ello una equivocación de nombres.

Celebrado el juicio, la corte dictó sentencia, que textualmente, dice así:

"*Sentencia.*—El día 28 de marzo de 1907, se llamó este pleito, compareciendo el demandante en propia persona y por los abogados Manuel F. Rossy y Sandalio Torres Monge, y los demandados por el abogado Manuel Toro, en cuyo día la corte oyó los escritos de las partes, la prueba documental y testifical suministrada y los informes de los abogados, reservándose su resolución.

"Hoy, 9 de abril de 1907, la corte resuelve ser de opinión que la ley y los hechos están á favor de los demandados, y por tanto, ordena que el demandante no obtenga nada de los demandados y que éstos vayan libres de toda reclamación respecto de esta demanda, con las costas de este pleito tasadas en * * * á cargo del demandante, y que se libre ejecución contra sus bienes para satisfacer esta sentencia.

"Dado bajo mi firma en Humacao á 9 de abril de 1907.—Charles E. Foote, Juez.—Attest, Enrique Rincón, Secretary.—Registrada hoy 9 de abril de 1907."

Con fecha treinta del mismo mes, presentó escrito la representación del demandante, apelando de la anterior sentencia para ante esta Corte Suprema, recurso que hoy pende de decisión después de vistas y oídas las alegaciones escritas y orales de la parte apelante, pues los apelados no han comparecido ante este tribunal.

La representación de José Y. Esterás, por escrito y oralmente, presenta ante esta Corte Suprema dos cuestiones á resolver: 1ª. Nulidad de las escrituras de dos y cuatro de noviembre de 1898, por haberse otorgado ante Lorenzo A. Jiménez García que, según se alega, no era legalmente notario público de Caguas, pues su nombramiento había sido hecho por el jefe del destacamento militar americano allí residente, el cual no tenía funciones civiles que le hubiera encomendado el Comandante General del Departamento de Puerto Rico, sin que tampoco el Jiménez hubiera cumplido con los preceptos legales de haber presentado su título á la Junta del Colegio de

Notarios de Puerto Rico para que se le diera posesión y haber registrado ante el Presidente del Tribunal Supremo su firma, signo y rúbrica; 2ª. Improcedencia de la excepción *res judicata* que alegaron los demandados Emilio Fernández y María Pérez, por no concurrir en el presente pleito y en el anterior, á que se refieren aquéllos, la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron.

Ha prescindido el apelante ante este corte de las alegaciones de nulidad relativas á los contratos consignados en las escrituras de 2 y 4 de noviembre de 1898, y limita sus alegaciones á las dos cuestiones anteriormente indicadas, para cuyo examen ha presentado la correspondiente exposición de hechos, aprobada por la corte inferior, y ha hecho ante este Corte Suprema un ligero resumen de las pruebas practicadas en el juicio atinentes á dichas dos cuestiones.

Entendemos que la materia sometida á judicial debate en el presente recurso envuelve cuestiones de hecho, pues no estando conformes las partes, atendidas sus alegaciones, en los hechos que determinan las causas de acción y excepción, se hace ante todo necesario definir y fijar los hechos para venir luego á la aplicación del derecho.

Bourvier en su diccionario entiende por cuestión un punto en el cual las partes no están de acuerdo y se somete á la decisión de un juez ó de un Jurado, y añade el mismo autor que cuando la duda ó diferencia consiste en determinar qué ley es la aplicable en determinado estado de cosas, se dice que la cuestión es legal, y cuando la duda ó diferencia surge al determinar la verdad ó falsedad de los hechos, ésta es una cuestión de hecho.

Para decidir las cuestiones legales que nos han sido prepuestas tenemos que conocer los hechos que las originan, y esos hechos están á favor de los demandados, según ha declarado la corte inferior en su sentencia de 9 de abril último. Podría revisarse tal declaración en relación con la prueba

practicada en el juicio para venir á determinar si está ó nó en desacuerdo con ella; pero no podemos hacer la revisión indicada, por más que se nos haya presentado á ese fin una exposición del caso ó relación de hechos, pues si bien la sentencia definitiva apelada debe reputarse en todos los extremos que comprende, excepcionada por ministerio de la ley, con arreglo el artículo 213 del Código de Enjuiciamiento Civil, por más que las excepciones no se incluyan en pliego de excepciones, bastando que resulten de los autos y legajos del pleito, entendemos, de conformidad con el artículo 295 del Código citado, que una excepción contra la sentencia, fundada en que está en desacuerdo con la prueba, no puede revisarse, por virtud de apelación contra la sentencia, á menos que se interponga el recurso dentro de los quince días después de dictada dicha sentencia, requisito que no se ha llenado en el presente caso, en que la sentencia fué dictada y registrada en nueve de abril del corriente año y apelada en treinta del mismo mes.

La doctrina expuesta está conforme con la letra del artículo 295 del Código de Enjuiciamiento Civil y con las decisiones de esta corte en los casos de Rafael Valentín Román. The American Railroad Co. of Porto Rico, *Sucesión de Andrés Natalio Maisonave* v. *Julián Maisonave y Nicolás Pérez y Sucesión de Olivas y Ca.* v. *J. Matienzo y Ca.* fallados, respectivamente en 29 de enero de 1906, y 5 y 12 de diciembre de 1907.

Estando los hechos á favor de los demandados, según ha decidido la corte inferior, decisión indiscutible ante nos en grado de apelación por no haber sido apelada la sentencia en tiempo legal, al efecto de revisar las pruebas, tenemos que llegar á la conclusión de que, según esos hechos, Don Lorenzo A. Jiménez García tenía capacidad legal para ejercer funciones notariales, ó de que, en caso de no tenerla, los elementos aportados al juicio determinaban la procedencia de la excepción de cosa juzgada.

Por las razones expuestas, procede la confirmación de la sentencia apelada, con las costas del recurso también á cargo del demandante y apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Figueras y Wolf.

El Juez Asociado Sr. MacLeary, no intervino en la resolución de este caso.